

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXXXXXX~~
ATTORNEY GENERAL

Mr. J. M. Preston
County Attorney
Childress, Texas

Attention: Mr. Leonard King
            Assistant County Attorney

Dear Sir:

> Opinion No. O-6698
> Re: Whether bus leased to motor carrier
>     operating a passenger service between
>     or through incorporated cities must have
>     motor bus registration license plates.

We acknowledge receipt of the opinion request of July 9, 1945, by your
assistant, Mr. Leonard King, reading as follows:

"W. E. Davis of Childress is the owner and operator of a
motor bus certificate authorizing motor bus service between
Childress and the Childress Army Air Field, located
approximately 3 miles from Childress. The buses used in this
operation are registered on the basis of weight the same as
automobiles. In order to meet certain emergencies Bowen
Motor Coaches desires to lease one of these buses for
single trips from Childress to Wichita Falls to handle over
loads. The trips will be infrequent and the lease
agreement will be for single trips and comply with General
Order No. 64 of the Texas Railroad Commission governing the
leasing of motor buses.

"Question: Is it legal for W. E. Davis to lease one of his
buses to Bowen Motor Coaches, under the conditions above stated,
without paying the additional registration fees and securing·
the regular Motor Bus Plates on the buses proposed to be
leased?"

Your question is whether or not the motor bus leased to Bowen Motor
Coaches for use for single trips from Childress to Wichita Falls for over-
loads must have motor bus registration license plates instead of license
plates issued for passenger cars. This question is answered by Articles
6675a-1, 6675a-2, 6675a-5 and 6675a-8a of Vernon's Annotated Civil
Statutes. Larger registration fees are provided for motor buses under
Article 6675a-8a than are provided for passenger vehicles under Article
6675a-5. It is provided in Section (n) of Article 6675a-1, that:

"'Motor Bus' shall include every vehicle except those
operated by muscalar power or exclusively on stationary
rails or tracks, which is used in transporting persons between
or through two or more incorporated cities and/or towns and
/or villages for compensation (or hire) whether operated over
fixed routes or otherwise; except such of said vehicles as
are operated exclusively within the limits of incorporated
cities and/or towns or suburban additions to such towns."

Mr. Davis, according to your statement, is now operating his motor buses
with passenger license plates because his bus service is between Childress
and the Childress Army Air Field and he is not "transporting persons
between or through two or more incorporated cities and/or towns and/or
villages" within the meaning of the definition of "motor bus" as used
in the registration statutes. When one of Mr. Davis' buses is leased to
Bowen and used in trips between Childress and Wichita Falls it is "used
in transporting persons between or through two or more incorporated cities
and/ or towns" and must have motor bus registration license plates
attached thereto. These plates are the ones obtained from the State
Highway Department through your local County Tax Collector. We assume
that Mr. Davis already has the identification plates issued by the
Railroad Commission and provided for by Section 11-A, Article 911a,
Vernon's Annotated Civil Statutes.

Trusting that the foregoing answers your inquiry, we are.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

s/ Fagan Dickson

By
Fagan Dickson
Assistant

FD:rt/ ldw

APPROVED JULY 24, 1945
s/ Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY /s/ G. W.
CHAIRMAN